

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:02-CR-43 |
| | § | |
| BRODIS MATTHEWS | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Brodis Matthews, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #52) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on June 18, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his

-1-

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## **STATEMENT OF REASONS**

### A. Procedural History

On June 16, 2013, the Honorable John Hannah, Jr., of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of possession with intent to distribute cocaine base, a Class C felony. The Court sentenced the defendant to 188 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing, and a $100 special assessment.

Judge Hannah has since passed away. Accordingly, on February 21, 2006, this case was reassigned to United States District Judge Ron Clark.

On March 1, 2010, the Court granted the defendant's motion for reduction in sentence for

crack cocaine offenses. On October 14, 2011, the Court granted a second motion for sentence reduction and ultimately reduced Matthews' sentence to 121 months. On November 1, 2011, Matthew Brodis completed his period of imprisonment and began service of the supervision term.

**B. Allegations in Petition**

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.*

Brodis Matthews submitted urine specimens which tested positive for marijuana on January 23, 2012; February 7, 2012; June 12, 2012; June 13, 2012; December 3, 2012; December 11, 2012; and February 7, 2012.

**C. Evidence presented at Hearing**

At the revocation hearing, the Government offered the following evidence as its factual basis in support of the alleged violation. The Government would have proven that Brodis Matthews was placed on a term of supervision and that as a condition of his supervision he was ordered to refrain from using controlled substances. The Government also submitted, in exhibit form, documents showing that on January 23, 2012, Brodis Matthews submitted a urine specimen for testing to the U.S. Probation Office in Lufkin, Texas. The drug test report from Alere Laboratories was also admitted, which shows that the January 23, 2012, urine specimen yielded a positive result for marijuana. Matthews also signed an admission form in the presence of his probation officer on January 23, 2012, in which he admits to using marijuana.

Defendant, Brodis Matthews, offered a plea of true to the above-stated allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he used a controlled substance in violation of his supervision conditions in this case.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by using a controlled substance.

If the Court finds that Mr. Matthews violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon the defendant's criminal history category of IV and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 6 to 12 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by using marijuana while on supervised release. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Brodis Matthews, to serve a term of **six (6) months imprisonment** in this cause, with no additional supervised release to follow. Matthews should receive credit for any time he has spent detained in federal custody on this revocation petition. Finally, the Court recommends that the defendant be placed in the Federal Correctional Institution (FCI), in Seagoville, Texas, for service of the prison term, if possible, to allow for family visitation.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14)

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 24th day of June, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE